**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 10-6292**

———————————

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

     v.

STEPHON MASON, a/k/a Step, a/k/a Step Dog, a/k/a Dog,

          Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Alexander Williams, Jr., District Judge. (8:03-cr-00321-AW-4; 8:08-cv-02260-AW)

———————————

Submitted: May 20, 2010          Decided: May 28, 2010

———————————

Before WILKINSON, NIEMEYER, and DAVIS, Circuit Judges.

———————————

Dismissed by unpublished per curiam opinion.

———————————

Stephon Mason, Appellant Pro Se. Stacy Dawson Belf, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stephon Mason seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 (West Supp. 2009) motion. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's order was entered on the docket on April 30, 2009. The notice of appeal was filed on January 27, 2010.* Because Mason failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented

---

* For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

2

in the materials before the court and argument would not aid the decisional process.

DISMISSED